IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DONALD R. WHITFIELD**                                                                      **PETITIONER**

**vs.**                                                  **CIVIL ACTION NO.: 1:12mc6-MPM**

**STATE OF MISSISSIPPI**                                                        **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner, an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), filed this pro se petition for writ of mandamus seeking an order requiring the Mississippi Supreme Court to respond to his motions to certify two questions of law. According to MDOC records, Petitioner is currently serving a term of imprisonment for convictions of fondling and sexual battery out of the Circuit Court of Monroe County, Mississippi.[1]

Petitioner maintains that he has, on two separate occasions, requested that the Mississippi Supreme Court certify the following two questions of law, as presented by Petitioner:

> 1. Is the age of the defendant an essential element pursuant to Miss Ann Code 97-3-95(1)(D) that must be charged in court or separate offence.
> 2. Weather (*sic*) the time span of seven (7) years for a single offence creates a problem of sufficient gravity to bar the state from proceeding with a prosecution in that circumstance.

(doc. entry no. 1, 1-2). Petitioner maintains that his motions have remained pending for several months, and without an answer, he cannot proceed on a petition for post-conviction relief. He requests that this Court "persuade" the Mississippi Supreme Court to address the submitted questions.

---

[1] See http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=76613 (last visited October 24, 2012).

Analysis

Under what is known as the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). District courts have the authority to grant mandamus relief in order "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner." 28 U.S.C. § 1361. However, it is not within the authority of federal courts "to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Because the Court lacks the authority to require that the State court take action on Petitioner's motion, the instant petition will be denied. *See Rhodes v. Keller*, 77 Fed.Appx. 261 (5th Cir. 2003) (affirming dismissal of petition for writ of mandamus because district court lacked authority to order state court to act).

Conclusion

This Court does not have the authority to issue a writ of mandamus to grant the relief requested by Petitioner. Therefore, this petition for a writ of mandamus is **DENIED** and the case hereby **DISMISSED**. A final judgment in accordance with this memorandum opinion and order will enter today.

**SO ORDERED** this the 24th day of October, 2012.

/s/ Michael P. Mills
**CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI**